UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY A. FIGEL,

    Petitioner,

v.                                                                 Case No. 2:05-cv-124
                                                                        HON. ROBERT HOLMES BELL

TIM LUOMA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Gregory A. Figel filed this petition for writ of habeas corpus challenging the validity of his June 3, 2003, misconduct guilty finding for disobeying a direct order. As a result of the finding, Petitioner lost five days of good time credit. Petitioner claims that he was denied his right to appeal and that his due process rights were violated. Petitioner's request for a rehearing was denied. His appeal to the Ingham County Circuit Court was denied. On November 30, 2004, the Michigan Court of Appeals denied leave to appeal and on January 11, 2005, Petitioner's motion for reconsideration was denied. Petitioner has claimed that the prison guards prevented him from filing an appeal in the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's appeal under MCR 7.302(C)(2) as untimely.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is

whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant

application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

First, the court must determine whether there is a state procedural rule that is applicable to Petitioner's claim and whether petitioner failed to comply with the rule. *Maupin*, 785 F.2d at 138. Michigan law clearly requires that any application for leave to appeal to the Supreme Court be filed within 42 days after the lower court's decision. M.C.R. 7.302(C)(2). Michigan law does not provide for any extension of this period, and there are no reported cases indicating that the Michigan Supreme Court accepts late filings. The letter of the Clerk of the Michigan Supreme Court attests to the fact that petitioner untimely filed his application for leave to appeal the decision of the Michigan Court of Appeals.

The second determination is whether the state courts actually enforce the procedural rule. *Maupin*, 785 F.2d at 138. This requirement is met when the last reasoned opinion of the state courts clearly relies upon a procedural bar that was firmly established and regularly followed at the time. *Ylst*, 501 U.S. at 803-05; *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir. 1998). In the present case, the last reasoned decision was the circuit court's decision rejecting Petitioner's claims. The Michigan Court of Appeals denied leave to appeal in a standard order. Where, as here, a state's highest court has never had the opportunity to address an issue because of Petitioner's own failure to properly raise it, this prerequisite for application of the doctrine of procedural bar is met. *See*

*Teague v. Lane*, 489 U.S. 288, 298 (1989); *Ferguson v. Knight*, 809 F.2d 1239, 1243 (6th Cir. 1987); *Brooks v. Edwards*, No. 95-3775, 1996 WL 506505, at *4 (6th Cir. Sept. 5, 1996).

Third, the federal court must determine whether the procedural ground is "adequate and independent." *Maupin*, 785 F.2d at 138. This factor turns on the substantiality of the state interest involved. *Wesselman*, 834 F.2d at 101. Here, both the Supreme Court and the Sixth Circuit have expressly recognized the interest of the state in enforcing its rules concerning timely appeals. *See Coleman*, 501 U.S. at 740-750; *Wesselman*, 834 F.2d at 101. Under Michigan law, this ground is "adequate," as it provides a complete preclusion to any further litigation of Petitioner's claims in the state courts. The judgment of the Court of Appeals is now final, MICH. COMP. LAWS § 600.314, and all further state consideration of the issue is precluded under the doctrine of law of the case. *See People v. Blue*, 444 N.W.2d 226, 227 (Mich. App. 1989); *People v. Douglas*, 332 N.W.2d 521, 523 (Mich. App. 1983); *People v. Whisenant*, 172 N.W.2d 524, 527 (Mich. App. 1969), *aff'd*, 187 N.W.2d 229 (Mich. 1971). Consequently, no state remedies remain open to petitioner on these defaulted claims.

The procedural rule relied upon by the Michigan Supreme Court to bar review of this issue was firmly established and regularly applied at the time of petitioner's default. The requirement that timely leave to appeal be sought in the Supreme Court is of ancient vintage in Michigan. *See* G.C.R. 1963, 853 (effective Jan. 1, 1965); M.C.R. 7.302 (effective March 1, 1985). The preclusive effect of the law-of-the-case doctrine was clearly established by the late 1960's. *See, e.g.*, *Whisenant*, 172 N.W.2d at 527.

All prerequisites for the invocation of a procedural bar are present in this case. Petitioner's failure to file an application for leave to appeal to the Michigan Supreme Court in the time allowed by law caused the Michigan Court of Appeals' judgment to become final. The decision

of the Michigan Court of Appeals is now binding on the issues presented by Petitioner and precludes any further consideration of those issues in the state courts. *See Coleman*, 501 U.S. at 740-44 (untimely filing of notice of appeal constitutes procedural bar); *Brewer v. Fields*, No. 97-6103, 1998 WL 702329, at *2 (6th Cir. Sept. 23, 1998) (procedural bar where petitioner failed to present claims to state supreme court); *Stewart v. Monroe*, No. 96-5983, 1998 WL 57290, at *3 (6th Cir. Feb. 2, 1998) (same), *cert. denied*, 118 S. Ct. 2330 (1998); *Harrison v. Anderson*, No. 96-3296, 1997 WL 52906, at *1-*2 (6th Cir. Feb. 7, 1997) (procedural bar where petitioner's action was rejected by state supreme court for failure to file a memorandum in support of jurisdiction). This procedural default, if unexcused, will bar consideration of the claims raised in the habeas corpus petition. Petitioner's claim that he was prevented by prison guards from filing a timely appeal is not supported by the record.

Moreover, even if the court reviewed the petition, the claims clearly lack merit. federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Petitioner has failed to show that his constitutional rights were violated at his misconduct hearing.

Further, the hearing officer's conclusion that Petitioner was guilty of the misconduct charge was supported by the record. It is clear that Petitioner received due process of law, and that

he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Petitioner has failed to show that his constitutional rights were denied. The Michigan circuit court decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Petitioner procedurally defaulted his claims in the state courts and also received due process during his misconduct hearing. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                /s/ Timothy P. Greeley
                TIMOTHY P. GREELEY
                UNITED STATES MAGISTRATE JUDGE

Dated:   May 16, 2008